JOHN F. KUPFER *vs.* HENRY J. SPONHORST and JOSEPH HACKMAN, co-partners as Sponhorst & Co., and CHARLOTTE A. CROWELL.

In a suit on a promissory note against two or more makers in which no answer was filed, it was *held* not to be error for the Court in its judgement to charge one as principal and the others as sureties.

No pleadings or other formalities are required to bring the question—which defendant is principal and which surety—before the court.

Where the record is silent, the Supreme Court will presume the Court below had sufficient facts before it to justify the record as it appears. The maxim " *omnia præsumuntur rite et solenniter esse acta donec probetur in contrarium* " applies to the finding of a court as well as to the verdict of a jury.

The facts of the case appear in the opinion of the Court.

*Glenn & Foster*, for plaintiff in error.

The plaintiff in error claims that in no view of the premises judgment should have been entered against both defendants in the Court below as principals.

I. Defendants, Kupfer and Crowell, by failing to enter their appearance admitted all the allegations set forth in the plaintiff's petition (§ 137, *Code Civ. Pro.*), and as there is nothing either on the face of the notes or in the petition showing that that the makers of said notes stood in any other relation than both as principals, judgment should have been accordingly.

Section four hundred and sixty-one of the Code provides that where it shall be made to appear to the Court by parol or other testimony that a defendant is merely surety on a written instrument, judgment shall be accordingly, and the clerk shall certify the fact on the record, &c.

It certainly was not the intention under that section to allow a defendant to produce such testimony to the Court unless he had filed his answer setting forth such facts, because it is clearly established by every principle of law that the testimony in all cases must be confined to the facts set forth in the pleadings, and where there is no pleading no

proof can be allowed. It having been admitted by both defendants, failing to answer, that they were both principals (having been sued as such) neither could come into court and offer proof that such was not the fact, unless the Court allowed an answer to be filed.

Section one hundred and one of the Code provides that the answer shall contain "a general or specific denial of each material allegation of the petition controverted by the defendant." From this section it is clear that no allegation can be controverted only by a general or specific denial set forth by an answer.

If such a precedent should be once established as allowing parties to offer testimony of facts not pleaded, it would open a vast field for fraud and injustice.

It often occurs, when there are several defendants, that each will not file an answer if all the defendants will do the same, and thus judgment is allowed against them, all as equals. But if any one defendant claims to be only surety on the obligation, it is the right and privilege of his co-defendants to be apprised of that fact so that they may show the facts to be otherwise, or set up the same claim in regard to themselves, otherwise a co-defendant, who was really the principal, could have judgment entered against him as surety only without the privilege of the other defendant, and when his co-defendant brought suit for contribution, or to recover the whole amount he has thus been compelled to pay, the former judgment, obtained by covin, would be offered in evidence to show the relation of the parties to the contract, which judgment could not be collaterally impeached.

II. If the testimony referred to in section four hundred and sixty-one of the Code can be introduced without any answer being filed, then it must appear from the *record* that such testimony was offered, otherwise the record is inconsistent, and the error is thus apparent, for the judgment is not in accordance with the petition. In other words, something must

appear on the record either as an *answer*, or *minutes* of the Court, showing *why* the judgment is entered against one defendant as *principal* and the other as *surety*, when they are both sued as principals.

The plaintiff in error claims the legal right to assign error of fact in the case if controverted by defendants. Error of facts in certain cases may be assigned not apparent on the the record. (9 *John. R.* 159; 15 *do.* 87; 2 *Ohio R.* 27; 678, 692, *Nash, and authorities cited.*)

*G. W. Glick,* for defendants in error.

The record shows that the action was founded on two promissory notes, joint notes, or joint and several by our statutes. (*See laws of* 1859, *p.* 301, § 1.) The record shows that the defendants below were in default; hence plaintiffs were entitled to their judgment as a matter of course, unless cause to the contrary was shown. This was not attempted. It is not claimed that there was any error in the petition; so that the only error claimed is in the manner of rendering judgment. The law allowed the plaintiffs below their default absolutely. Then where is the error?

The second and third assignments of error, instead of being errors are reasons only; which if apparent on the face of the record, would, perhaps, tend to sustain the first assignment of error, if it further appeared that the Court below acted without sufficient evidence, and the sufficiency of the evidence excepted to and made a part of the record. But this was not done, and hence this Court will not say whether the Court below acted on sufficient evidence or not.

Now if the defendants could appear after the taking of the judgment by default and contest the amount of damages, or litigate the question of suretyship between the defendants, and if the record shows that the Court below passed upon the question it will be presumed by this Court that the Court below acted properly and on sufficient evidence. When a

judgment by default is taken the defendant has a legal right to have the damages assessed by a jury, if he appears by himself or attorney at the trial and demands it. (*See Code*, § 609.) Yet this can be done and there will be no formal appearance entered on the record. In such case if the record showed a finding of the amount of damages by a jury this Court will presume that the jury was called at the instance of the defendant.

But the question of suretyship is rendered more certain as to judgments rendered, settling such questions, than in the preceding illustration. The Code is definite and certain in its provisions, and I think, in a just and fair application thereof, to this judgment, it will be found that there is no error in it. The plaintiff gets his judgment. The question of suretyship after the rendition of the judgment then comes up, not between the plaintiffs and the defendants, but between the defendants themselves. The defendants, as to the plaintiff, are all principals. He looks to all of them for payment of his judgment. And it is only a question between the defendants which one of them shall first respond to the plaintiff's claim. In the settlement of this question the defendants act independently of and beyond the control of the plaintiff. The reading of the section of the Code that relates to this question will settle it conclusively. Section four hundred and sixty-one says : " In all cases when *judgment is rendered,*" &c. This clearly makes the settlement of the question of suretyship a matter of determination for the Court after *judgment is* rendered by it. And further : After the Court has settled the question of suretyship, the clerk in recording the judgment of the Court must " certify who is principal and who is surety." (*Code*, § 461; 11 *Ohio R.*, 310, *Kelly vs. Collins.*) It is clear, then, that the question of suretyship is a question of no concern to the plaintiff, and that he has no interest in its determination, as the defendants are bound to him at all events, and they need only show who are sureties.

The next question that arises is whether the Court must set out on the record the evidence upon which its conclusion is based. If not, then there is no error in this record. The Code does not require the record to show that the defendants contested the matter of suretyship; but only that the clerk must make the record of the judgment show who is principal and who is surety. When the record shows that, the law presumes the balance; it in effect says that courts do their duty, and act only on sufficient reasons, and when an act has been done by a court, that it had evidence sufficient to warrant its act, and if the record shows that the Court came to a certain conclusion the law presumes that it acted on the requisite proof. The record, then, is only used to furnish the conclusions or findings of the Court. The finding of the Court in cases like the one now before it, might be predicated on various grounds, and the records not show any proceedings by the defendants. As, for instance, by agreement between the defendants, or by agreement between the plaintiff and defendants, or by proving to the Court by one of the defendants that he was only a surety. In none of these cases I apprehend that it is necessary to show how the Court came to direct the clerk to certify who was the surety, or that any defendant appeared and asserted a right under this section of the Code.

But we are not left to argument alone in this case. The Code, section four hundred and two, says the evidence must not be set out in the record. It is an established principle of law that the errors complained of must be apparent on the record. The errors complained of in this case certainly do not appear on the face of the record. The judgment might have been drawn in this case with more care by the clerk, but that could not help the plaintiff in error.

The third assignment of error is that the Court had no parol or other testimony showing that either defendant was a surety. How can a court of errors know this? It cannot

presume it, as that would overthrow the established principle of evidence applicable to all judicial proceedings. How could any judgment avoid this objection if it is a good one? Must we violate *t*he Code and set out the evidence? or obey the law and submit to the established legal presumption? The latter course will be sustained by courts of error. It is an established principle of law that where a court of competent jurisdiction is required to exercise its powers upon a state of facts to be proven before it, ·the requisite proof is presumed to have been made. This is a principle of law applicable to judicial proceedings. Without a strict adherence to this principle all our judicial proceedings would be confusion. Its proper application to the case now before the Court makes it easy of solution, in favor of the defendants in error. (1 *Greenleaf Ev.* § 19; 1 *Phillips Ev., p.* 450, *Ed. of* 1849.)

Mr. Phillips (*p.* 450, *supra.*) says that " when facts of an official nature require the concurrence of official persons, a presumption arises in favor of their due execution. *Omnia præsumuntur rite esse acta.*" We must presume that the Court below acted advisedly and upon sufficient proof.

Mr. Gould, in his valuable work on pleadings, says: "The ground, or principle on which any fact not alleged is to be presumed in support of a general verdict, is that as the verdict must be considered as true, as founded on legal evidence established at the trial, the Court (which can only judge from the record) must presume, · in support of it, that any and every fact, (not alleged,) the proof of which was necessary to justify the **jury** in finding as they have done, was proved on the trial. In other words, the Court must, in support of such a verdict, presume everything to have been proved, without proof of which the jury could not have truly found from the evidence as they have found." (*Chap.* 10, § 14.)

This reasoning, and the statement of the law, has reference to the finding of a fact by a jury; but I apprehend that it

applies with equal force to a verdict or finding by a Court. The only difference is in the manner of finding. The effect of the verdict or finding is the same whether found by the Court or jury. This principle applies with full force to our practice, since the Court equally with the jury are authorized to find the facts in any case by consent of the parties.

In the case of *Thomson vs. Tolmie*, (2 *Peters R.*, [157] 63) this question is fully discussed. The principle of that case if applied to this, sustains the position of the defendants in error and entitle them to the judgment of this Court in this case.

In the case of *Pilbsbury et. al. vs. Dugan's Adm.*, (9 *Ohio R.* 117,) this principle was called in to sustain the record of the Court below. Judge Lane, in giving the opinion of the Court, says that in all cases wherein proof of a particular fact is required, in a court of general jurisdiction, to be proved, it will be presumed that the proof was made. Judge Lane speaks of courts of general jurisdiction being governed by the principle he has announced, and if our district courts are courts of general jurisdiction then the rule applies. (*See also Lessee of Glover's Heirs vs. Ruffin*, 6 *Ohio R.* 255, *Condensed R.* 113.) An examination of the decisions of different courts of the United States will show that this principle is so firmly engrafted in our jurisprudence that it is regarded as an axiom of law. In numerous adjudicated cases in Indiana, this principle has been announced as a fixed principle of law (*See Ward et. al. vs. Crane*, 3 *Blackf.* 393 ; *Edmonds Paskins*, 8 *Blackf.* 196 ; *Loveland et. al. vs. Jones*, 4 *In. R.* 184 ; 7 *Ind.* 563.)

A justice of the peace will be presumed to have done his duty unless the contrary appears. (*Beeman vs. The State*, 5 *Blackf.* 165.)

In the case of *Maxfield vs. Johnson*, (2 *Ohio R.* 208,) the Court say that "after a jury has passed upon a case, everything is to be presumed which can be to sustain the verdict,"

6

and in *Johnson vs. Mullin* (12 *Ohio R.* 10) the Court say that a court of errors will presume the correctness of the proceedings, they are called upon to inspect until the errors appear on their face. The proposition, in other words, may be stated thus : A court of errors will not presume that the Court below acted illegally, or in a case requiring it, without sufficient proof, but will, in all cases, presume that the court whose records it is called upon to inspect, did act upon sufficient testimony to call for the verdict or judgment rendered. Hence, in this case, this Court could only know to what extent this question of suretyship was proved at the trial below by having the proof given before the district court spread upon the record by a bill of exceptions. Then in this case, if this Court should reverse the judgment of the Court below, it would have to assume that that Court, notwithstanding its findings and judgment, acted without sufficient or no proof at all, without having the proof offered below before this Court, so as to judge of its weight, materiality or importance. I cannot believe that this Court would commit so grave an error, or promulgate so dangerous a precedent to guide the courts of Kansas in their judicial actions hereafter. There was no exception taken in this case, and this Court will not presume error in the Court below. (*Coil vs. Willis*, 18 *Ohio R.* 28.)

In Broom's Legal Maxims, (*side p.* 729,) this whole subject is fully, though briefly presented under the maxim, " *omnia preasumuntur solenniter esse acta.*" " All acts are presumed to be rightly done. The general presumption of law is that *the records of a court of justice have been correctly made* according to the rule *res judicata pro veritate accipitur; that* courts and jurors do nothing causelessly and maliciously; that decisions of a court of competent jurisdiction are well founded, their judgments regular, *and that facts without proof of which the verdict could not have been found were proved at the trial.*" (*Brown's Legal Maxims,* 729, *and cases cited.*)

That is the law. It settles this case in favor of the defendants in error. It applies to the judgment of the district court as fully as if it had been written specially for this case.

A court of errors will not reverse a judgment when it appears that no injury has been done. (*Sterret vs. Creed*, 2 *Ohio R.* 343; 6 *Ind.* 363; *John vs. Clayton*, 1 *Blackf.* 54.) Does this judgment injure the plaintiff? It cannot. He admits that in any event judgment would go against him as it has—as principal. The only objection is that it is not against Crowell as principal also. Suppose it was against Crowell as principal, it could not help Kupfer, and certainly Crowell ought not to complain.

If there is any error in this case (which I deny) it is only an omission of the clerk, and by the Code, section five hundred and forty, this is no ground of error until the Court below, on motion for that purpose, refuses to correct or remedy the mistake or omission. Nothing of this kind has been done in this case. If it has, the record is silent on that subject. This Court will not presume it unless it is shown affirmatively. (18 *Ohio R.* 28 *supra.*)

The Court below would have to render the same judgment against the plaintiff in error as before, and when this is the case a court of errors will not disturb the judgment. This is an old established principle controlling the action of courts of error.

QUERE.—Can a plaintiff in error make the plaintiff in the Court below—with one or more defendants below—defendants in error? Must not all the defendants below be made plaintiffs in error?

By the Court, BAILEY, J. This is a petition in error to reverse or modify a judgment rendered at the last October term of the Second District Court sitting in the county of Atchison.

The action in the Court below was brought by Sponhorst and Hackman, two of the defendants in error, co-partners as Sponhorst & Co., against Charlotte A. Crowell (now made a defendant in error) and John F. Kupfer, the plaintiff in error, to recover the amount of two promissory notes signed by said Charlotte A. Crowell and said John F. Kupfer, jointly and severally, and payable to said Sponhorst & Co. The judgment was rendered by default against John F. Kupfer, as principal, and against Charlotte A. Crowell, as surety.

The assignment of error is as follows :

First. The Court erred in rendering judgment against said John F. Kupfer as principal and Charlotte a Crowell as surety.

Second. There being no appearance by defendants, and judgment rendered for want of an answer, the judgment should have been rendered against *both* the defendants as principals.

Third. That the Court had no parol or other testimony showing that either defendant signed said notes as security, and therefore erred in its rendition of judgment. .

On examination, it will be readily seen that the three allegations above stated, substantially resolve themselves into one, namely : That the Court erred in rendering judgment against Kupfer as principal, *and Crowell as surety.*

The record in the case shows the fact that judgment was so entered without showing any reasons why it was done.

Section four hundred and sixty-one (*p.* 156) of the Code of Civil Procedure provides that, " in all cases where judgment is rendered in any court of record upon any instrument of writing in which two or more persons are jointly and severally bound, and it shall be made to appear to the Court by parol or other testimony that one or more of said persons so bound, signed the same as surety or bail for his or their co-defendants, it shall be the duty of the clerk of said Court in recording the judgment thereon to certify which of the defen-

dants is principal debtor and which are sureties or bail," and further provides that the creditor shall exhaust his remedy against the goods of the principal debtor before taking any of the property of the surety.

In this case the defendants in the Court below failed to answer, and the plaintiff took judgment by default. This was the end of the litigation between plaintiffs and defendants.

But a question might arise as between the defendants as to suretyship—whether both signed the notes declared on as principal—or one as surety for the other—and if so, which one as surety, and which as principal.

No pleadings or other formalities are required by the Code to bring the question before the Court, but simply the production of the testimony to make the facts appear.

If, then, it was "made to appear" in this case in the Court below, "by parol or other testimony," that Kupfer signed the notes declared on, as principal, and Crowell as surety, it became the duty of the clerk in recording the judgment to certify that accordingly.

The judgment in this case is somewhat loosely and inartificially drawn, but section five hundred and forty of the Code provides that "a mistake, neglect or omission of the clerk shall not be a ground of error, until the same has been presented and acted upon in the Court in which the mistake, neglect or omission occurred," and it does plainly appear from the record in this case that the question of suretyship was passed upon by the Court. Is it, then, to be presumed in the absence of all proof that the Court below acted unadvisedly upon a question not before it? Clearly not. On the contrary, the presumptions of the law are all in favor of the regularity and validity of the proceedings. As where a record shows a verdict to have been found—which could not have been properly found—but upon proof of certain facts not alleged to have been proved, it has uniformly been held that the Court must presume that the verdict

was found upon sufficient evidence, and therefore that such facts were proved before the jury as were necessary to support the verdict. The maxim of law in all such cases is "*omnia præsumuntur rite et solenniter esse acta donec probetur in contrarium.*"

We can see no reason why this rule is not as applicable to the finding of the Court in this case as to the verdict of a jury, and we are therefore forced to conclude that no error is apparent upon the record before us.

It is therefore ordered by the Court that the judgment be affirmed at the costs of the plaintiff, and that a mandate issue to the Court below to carry the judgment into effect. Execution here for costs of this Court.