HARRIET M. TURNER, *et al.*, v. T. EWING MILLER, *et al.*

PRINCIPAL AND SURETY; *Pleading and Practice.* Where the payee of a
note, executed by a firm composed of three members, holds real estate con-
veyed to him by two of the members of the firm as security for its payment,
and upon a dissolution of the firm the members executing the mortgage
agree with their copartner to pay off the note and save him harmless,
and thereafter an action is brought to recover on the note against all the
members of the firm, and the agreement of the co-defendants is pleaded
in the answer of the defendant entitled to its benefits, and the trial court
adjudges that the plaintiff recover from all the defendants the sum found
due, and in default of payment an order issue to the sheriff to sell the
lands held as security, and in the event of a deficiency after such sale
that execution be awarded against the property of the defendants agree-
ing to save their co-defendant from liability, and then against such co-
defendant, *held*, that the defendants executing the conveyance as security
for the payment of the note cannot complain of the decree of the court
ordering the sale of the real estate, or of the direction to the clerk in
issuing the execution to collect the deficiency of the judgment arising
after sale.

*Error from Montgomery District Court.*

NOVEMBER 4th, 1880, *T. Ewing Miller* filed a petition in
the district court against *Harriet M. Turner*, Wm. F. Turner,
and Wm. E. Otis, late partners as Turner & Otis, alleging
that the defendants had been partners under the firm-name of
Turner & Otis, and that by their firm-name had executed and
delivered to plaintiff, on October 6, 1877, their promissory
note for the sum of $5,000, with interest at the rate of 12
per cent. per annum from maturity until paid, payable four
months after the date thereof; and further alleging that there
was due from the defendants to the plaintiff upon said note
the sum of $2,113.50, with interest from the 16th day of April,
1878. On the 23d day of November, 1880, the defendant
William E. Otis filed his separate answer, alleging —

"1. That the note was executed and delivered to plaintiff by
defendant Wm. F. Turner, without the knowledge or consent
of himself, and upon a consideration between the plaintiff and
the defendants Harriet M. Turner and Wm. F. Turner, for
the sole benefit of said Wm. F. and Harriet M. Turner, and

of which facts the plaintiff had full knowledge; that the defendants Wm. F. and Harriet M. Turner, to secure the payment of the note sued on, conveyed to the plaintiff the following lands in Montgomery county, Kansas: The S.E.$\frac{1}{4}$ of sec. 32, and the W.$\frac{1}{2}$ of the W.$\frac{1}{2}$ of the S.W.$\frac{1}{4}$ of sec. 33, in tp. 33, south, of range 16, east, and the W.$\frac{1}{2}$ of the N.E.$\frac{1}{4}$, and the W.$\frac{1}{2}$ of the E.$\frac{1}{2}$ of the N.E.$\frac{1}{4}$ of sec. 35, in tp. 34, south, of range 16, and lot 8 in block 42, in the city of Independence; that afterward, on the 16th day of April, 1878, the plaintiff reconveyed to the defendant Wm. F. Turner the following lands in Montgomery county, to wit: Lot 8, in block 42, in the city of Independence, and the W.$\frac{1}{2}$ of the N.E.$\frac{1}{4}$, and the E.$\frac{1}{2}$ of the N.E.$\frac{1}{4}$ of sec. 35, in township 34, south, of range 16, and the S.W.$\frac{1}{4}$ of the S.E.$\frac{1}{4}$ of sec. 32, in township 33, south, of range 16, and continues to hold the remainder of the real property so conveyed by Wm. F. and Harriet M. Turner to him as security for the money due on the note.

"2. That since the execution and delivery of the note the copartnership of Turner and Otis has been dissolved, and upon such dissolution the defendants Wm. F. and Harriet M. Turner assumed to pay the plaintiff whatever sum there was still due on the note, and agreed to save himself (Otis) harmless from any liability thereon: that the plaintiff below assented to that arrangement, and discharged himself from all liability.

"3. That since the excution of the note the same has been fully paid, and nothing is owing thereon from any of the defendants."

On the 27th day of November, 1880, Wm. F. and Harriet M. Turner filed their joint answer to the petition of plaintiff, denying generally the allegations therein. No reference was made in their answer to the averments in the answer of the defendant Wm. E. Otis. On the same day the plaintiff filed his reply to the separate answer of the defendant Otis, denying each and every material allegation in the answer contained, excepting the admission of the copartnership. Trial had at the December Term, 1880, by the court without a jury. The record of the judgment is as follows:

"This cause coming on to be heard on this day in its regular order upon the docket, and the said parties appearing by their respective counsel, the cause was submitted to the court for trial, a jury therein being waived; and the court having

heard the evidence and being fully advised in the premises, doth find that there is due from said defendants to said plaintiff the sum of two thousand seven hundred ninety-three and $\frac{40}{100}$ dollars ($2,793.40); that by the terms of the note sued upon, the rate of interest therein stipulated is 12 per cent. per annum. And the court doth further find that the said defendants Wm. F. Turner and Harriet M. Turner are principals in the note sued upon, and the defendant W. E. Otis is surety thereon. And the court doth further find that to secure the sum of money in said note mentioned, the said defendants Wm. F. Turner and Harriet M. Turner executed and delivered to said plaintiff their certain deed in writing, and thereby conveyed to him as security for the said sum of money the following-described land, situate and being in Montgomery county, state of Kansas, to wit: The east half and the northwest quarter of the southeast quarter of section thirty-two, and the west half of the west half of the southwest quarter of ·section thirty-three, in township number thirty-three, south, of range number sixteen, east.

"That said deed was intended by said defendants and received by said plaintiff as security for said sum of money, and the lands and tenements therein described are subject to sale, in satisfaction of the amount found due said plaintiff. And the court doth further find, that said defendant Wm. F. Turner bid in as security for said indebtedness, lots number eight and nine, in block fifty-four (54), in the city of Independence, Montgomery county, Kansas, taking a sheriff's deed therefor in the name of the plaintiff, and said lots are subject to sale in satisfaction of the amount due said plaintiff herein.

"Wherefore, it is here by the court considered, ordered and adjudged that the said plaintiff, T. Ewing Miller, have and recover of and from said defendants, Wm. F. Turner, Harriet M. Turner and Wm. E. Otis, the sum of two thousand seven hundred and ninety-three and forty one-hundredths dollars ($2,793.40), and costs of suit taxed at $—. And it is further ordered that said judgment draw interest at the rate of twelve per cent. per annum from date.

"And it is further ordered, that unless said judgment be paid within thirty days from date hereof, then and in that event an order of sale issue herein to the sheriff of Montgomery county, Kansas, that he appraise, advertise and sell, according to law, the following lands and tenements, situate and being in Montgomery county, Kansas, to wit:

"The east half and the northwest quarter of the southeast quarter of section number thirty-two, and the west half of the west half of the southwest quarter of section number thirty-three, township number thirty-three, south, of range number sixteen, east, and lots number eight ( 8 ) and nine ( 9 ), in block number fifty-four ( 54 ), in the city of Independence, Montgomery county, Kansas; and from the proceeds of such sale pay first the costs herein, and of the remainder apply so much thereof as may be necessary to satisfy the judgment herein.

"And it is further ordered, that after such sale being made, and the amount realized from such sale of lands and tenements as hereinbefore ordered being insufficient to satisfy such judgment, then and in that event the plaintiff to have an execution for such deficiency, to be levied first of the goods and chattels, lands and tenements of the said principal debtors defendant, Wm. F. Turner and Harriet M. Turner, not exempt by law, and in default of such goods and chattels, lands and tenements, then to be levied upon the goods and chattels, lands and tenements of the said defendant Wm. E. Otis, surety as aforesaid.   To all of which the defendants W. F. Turner and Harriet M. Turner duly excepted and except.

"It is hereby certified that the said defendants W. F. Turner and Harriet M. Turner are the principal debtors herein, and that said defendant Wm. E. Otis is surety herein."

On December 22, 1880, Wm. F. Turner and Harriet M. Turner filed their motion in arrest of judgment and for a new trial, as follows:

"IN THE DISTRICT COURT OF MONTGOMERY COUNTY, KANSAS.—*T. Ewing Miller v. Wm. E. Otis, Wm. F. Turner and H. M. Turner.— Motion in arrest of judgment, and for a new trial.*—The defendants in the above-entitled case, Wm. F. Turner and H. M. Turner, now come and move the court to arrest the judgment in the above-entitled case and grant a new trial, for the following causes, to wit:

"1. That the decision of the court is not sustained by sufficient evidence.

"2. That the decision of the court is contrary to law.

"Wherefore, the said defendants ask that the decision and judgment rendered in the above-entitled case shall be vacated, and a new trial granted.          WM. F. TURNER,
          *For himself, and as Attorney for H. M. Turner.*"

By consent, the hearing of the motion was continued until the next term of the court. Thereafter, at the March Term, 1881, the hearing of the motion was by consent again continued until the next term. The motion was heard at the September Term, and the plaintiff offered to confess the motion, but the defendant Wm. E. Otis resisted the same, and the court overruled and denied the motion. The defendants Wm. F. and Harriet M. Turner excepted, and bring the case here.

*Wm. F. Turner*, and *Wm. Dunkin*, for plaintiffs in error.

*J. D. McCue*, for defendant in error Wm. E. Otis.

The opinion of the court was delivered by

HORTON, C. J.: As none of the testimony produced upon the trial is preserved in the record, the substantial question presented in this case for the consideration of the court is, whether the pleadings filed by the parties authorize the findings of the court below and the judgment rendered thereon. It is contended that no notice was given by Otis to his co-defendants of any purpose to establish on the trial that Wm. F. and Harriet M. Turner were principals and himself only surety upon the note, or that he would seek equitable relief against his co-defendants. Neither of these objections is well taken. It was not necessary that Otis should have designated his answer as a cross-petition and caused a summons against his co-defendants to be issued and served. Wm. F. and Harriet M. Turner were parties to the action, and the answer of Otis disclosed his defenses to each of the parties, and the court thereon had the power to render such judgment as the facts might require under the pleadings. When the original summons is served, the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken therein. (*Kimball v. Connor*, 3 Kas. 414.)

The answer of Wm. F. and Harriet M. Turner was not filed until some days after the answer of Otis, and therefore

they have not the excuse even of having been ignorant of its contents at the time of making their defense. Upon the question between the defendants in the court below as to suretyship, no pleadings or other formalities were required by the code to bring the question before the court. Only the production of testimony was needed to make the fact appear. If then it was made to appear to the trial court, by parol or other evidence, that Wm. F. and Harriet M. Turner signed the note declared on as principals, and Otis as surety, it became the duty of the clerk in certifying the judgment to certify that accordingly. (Code, § 470; *Kupfer v. Sponhorst*, 1 Kas. 75.)

Counsel challenge the decision of *Kupfer v. Sponhorst*, supra, as one not well considered, and without authority to sustain it. To all of this it is a sufficient answer that the decision was rendered in 1862, and thereby gave a judicial interpretation to § 461 of the code of 1859. In the revision of 1868, this section was readopted, and now appears in the code as § 470. (Gen. Stat. 1868, p. 720; Comp. Laws 1879, p. 664.) Being readopted in the revision of 1868, the section must now be read in the light of the judicial interpretation given to it prior to its readoption.

Counsel for plaintiffs in error argue that the findings are contrary to the averments of the pleadings, and assert that upon the allegations in said pleadings the note was the obligation of the copartnership, and that a part of the members of the firm could not be principals and a part surety. We do not concur in this view, as upon the allegations of the answer of Otis, if the plaintiff had not assented to the arrangements entered into between the co-defendants, and discharged Otis from all liability upon the note, the relation of the latter to the note, as therein stated, was that of a surety. At least, if Miller does not object, the co-defendants of Otis cannot complain of the decree of the court ordering a sale of the real estate transferred to secure the note, or of the direction to the clerk in issuing the execution. Miller is the only one who can complain of the order of the court which drives him to the necessity of foreclosing the mortgage in order

4—28 KAS.

that the surety may be protected. Yet Miller is not prosecuting any proceedings of error to this court, nor has he made any argument to us against the affirmance of the judgment below.

At the hearing of the motion in arrest of judgment, and for a new trial, the affidavit of Wm. F. and Harriet M. Turner was read, stating that though Wm. F. Turner was a witness in the case, the defendants made no appearance on the trial, by counsel or otherwise, and that the defendant Harriet M. Turner was not present during the trial, and also setting forth and showing the pendency of an action between Wm. F. and Harriet M. Turner against Otis for a full and complete settlement of all matters in dispute between them, including the questions attempted to be passed upon in the trial of this case. The trial court did not commit error in ignoring this affidavit. There was nothing in the answer of the Turners of another action pending between them and their co-defendant Otis. If they were absent from the court at the trial, they stayed away at their own peril. Everyone having a matter in litigation before a court must, in order to protect his rights, attend while the controversy is being determined. (*Masters v. McHolland*, 12 Kas. 17; *Mehnert v. Thieme*, 15 Kas. 368; *Green v. Bulkley*, 23 Kas. 130.)

It is finally urged that there is a material variance between the relief granted and that asked. This objection is good as to the order of the sale of lots not mentioned or referred to in any of the pleadings. The answer of defendant Otis alleges that his co-defendants had conveyed three hundred and twenty acres of land and one lot to secure the note; that afterward Miller reconveyed to said co-defendants one hundred and sixty acres thereof, together with the lot, and that he held the balance as security. The court in its decree ordered the sale of the said described one hundred and sixty acres of land, and, in addition thereto, two certain lots, viz., eight and nine, in block fifty-four, in the city of Independence, which are not in any wise referred to in the pleadings. This part of the judgment is erroneous. The judgment, therefore, so far as it

attempts to decree a sale of real estate not mentioned in any of the pleadings, is entirely outside of the case, contrary to law, and has no foundation upon which to rest. This conclusion would strike out of the judgment the order of sale of lots eight and nine, in block fifty-four.

The case will be remanded, with direction to the court below to modify the judgment in accordance with the views herein expressed.

All the Justices concurring.