**MOORE et al. v. FRENSLEY et al.**

No. 14666—Opinion Filed Feb. 5, 1924.

Rehearing Denied March 25, 1924.

**1. Bills and Notes — Right to Joint Judgment Against Makers—Suretyship.**

Where in an action upon a promissory note against several makers a joint judgment is proper upon the facts conclusively established by the pleadings of the respective parties, the right of the payee to such judgment cannot be affected by the request of some of the makers for a finding by the court as to which of the makers signed the note as principal, and which as sureties, pursuant to the provisions of section 721, Comp. Stat. 1921.

**2. Same—Determination of Suretyship — Issues—Evidence.**

A determination in such action by the court, upon request, that some of the defendants signed the note as principals and some as sureties, pursuant to the provisions of section 721, Comp. Stat. 1921, does not arise upon any pleadings filed in the case, and only the introduction of testimony is necessary to justify such findings.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by B. F. Frensley against Robert F. Scivally et al. Judgment for plaintiff, and defendant appeals. Affirmed.

W. M. Lewis, for plaintiffs in error.

Cruce & Potter, for defendants in error.

Opinion by FOSTER, C. This appeal is prosecuted to reverse a judgment of the district court of Carter county, Okla., sustaining a motion for judgment on the pleadings. B. F. Frensley sued Robert F. Scivally W. M. Moore, M. T. Easter, Thomas W. Frame, and John Williams to recover the sum of $1,500, interest and attorney's fee, alleged to be due him upon a promissory note executed by the defendants on the 12th day of September, 1919.

A joint answer was filed by the defendants W. M. Moore, M. T. Easter, Thomas W. Frame, and John Williams, separate answer was filed by the defendant Scivally.

The trial court entered judgment upon the pleadings in favor of B. F. Frensley, plaintiff below, against all of the defendants, from which the defendants W. M. Moore, M. T. Easter, Thomas W. Frame and John Williams, defendants below, plaintiffs in error here, appeal, making Robert F. Scivally a

defendant in error because he did not join in the appeal.

The parties will be hereinafter referred to as they appeared in the court below.

The petition was in the usual form, and, in substance, alleged that on September 12, 1919, the defendants, for a good and valuable consideration, made, executed, and delivered to plaintiff their promissory note in writing of that date, whereby they promised to pay plaintiff 90 days after date the sum of $2,-500 with interest at the rate of eight per cent, per annum from date until paid, $10 and ten per cent. of principal as attorney's fee, if placed in the hands of an attorney for collection; that on October 11, 1920, defendant Robert F. Scivally paid on said note the sum of $1,000, which amount was credited on said note; that there was due on the principal the sum of $1,500; $216.65 as interest and $150 as attorney's fee, and prayed judgment for said amounts.

The defendants, Moore, Easter, Frame, and Williams filed a verified answer, omitting the caption, as follows:

"Come now defendants W. M. Moore, M. T. Easter, Thos. W. Frame and John W. Williams, and for answer to petition of plaintiff filed herein say:

"First. That they deny each and every and all the allegations in said petition contained, except those hereinafter specifically admitted.

"Second. Further answering herein these defendants admit the execution of the note sued on herein, but say they signed same as sureties only, which fact was well known to plaintiff at the time of the execution of said note.

"Third. Further answering herein these defendants deny that they owe plaintiff any amount whatever on said note.

"Having fully answered herein these defendants ask that plaintiff take nothing as against them and they recover all their costs herein expended."

The only specification of error relied upon is that the court committed error in rendering judgment on the pleadings.

It is argued that under the provisions of section 721, Comp. Stat. 1921, the answer of the defendants presented an issue of fact on which they were entitled to introduce testimony. There is no contention, as we understand it, that all of the defendants were not jointly liable on the note, or that the plaintiff was not entitled to a joint judgment if he so elected.

The question presented is, may the defendants by incorporating in their answer an allegation that they signed the note sued upon as sureties compel the plaintiff to litigate this question in advance of a judgment? Or to state the question another way, by so incorporating such allegation in their answer, did the defendants tender plaintiff an issue of fact which the court was required to determine before judgment could be rendered in the case?

It is clear that under the provisions of section 721, Comp. Stat. 1921, the court is required upon request of a party in a proper case to determine which of the defendants are primarily liable and which are secondarily liable, and the clerk of the court is required to certify such finding of record. This requirement of the statue, however, would not necessarily defeat the right of the plaintiff to a judgment where under the admitted facts in the pleadings the moving party would be entitled to judgment on the merits.

The Kansas courts generally, in construing a similar, if not identical, statute of that state, hold that a finding of the trial court determining from the evidence which of the defendants signed the instrument as principal and which as sureties does not arise under the pleadings and that only the introduction of testimony was necessary to make that fact appear. Turner et al. v. Miller et al., 28 Kan. 44; Kupfer v. Sponhorst et al., 1 Kan. 75.

There being issue of fact properly raised by the answer of the defendants upon this proposition, it follows that the trial court was right in rendering judgment upon the pleadings, unless the right of the plaintiff to such judgment should be affected by the finding of fact which the court might have made after hearing testimony upon the request of the defendants for a finding as to which of the defendants was principal and which of them were sureties. If the right of the plaintiff to a joint judgment under the admitted facts in the answer filed by the defendants is established, no finding by the court upon the collateral inquiry which the court would be required to make under the provisions of the statute referred to above could authorize any judgment different from that pronounced on the facts conclusively established by the pleadings of the resepctive parties.

As was said by the Supreme Court of Colorado in the case of Mills v. Hart, 24 Colo. 55, 52 Pac. 680:

"As a general proposition a motion for judgment on the pleadings, based on the fact

thereby established, cannot be sustained, except where, under such facts a judgment different from that pronounced could not be rendered, notwithstanding any evidence which might be produced (Rice v. Bush, 16 Colo. 484; 27 Pac. 720), or that such a motion cannot be sustained unless, under the admitted facts, the moving party is entitled to a judgment without regard to what the findings might be on the facts upon which issue is joined; so that in determining the rights of the defendants to the judgment given them, the real question to determine is the sufficiency of the admitted facts to warrant the judgment rendered, and the materiality of those upon which issue is joined."

And the same court in the case of Seaton Mountain Electric Light, Heat, & Power Co. v. Idaho Springs Investment Co., 111 Pac. 834, said:

"A motion for judgment upon the pleadings should be sustained when, under the admitted facts, the moving party would be entitled to judgment on the merits, without regard to what the findings might be upon the facts upon which issue is joined. Mills v. Hart, 24 Colo. 505, 52 Pac. 680, 65 Am. St. Rep. 241; Harris v. Harris, 9 Colo. App. 211, 47 Pac. 841. This proposition rules the case at bar. From what we have already said, any findings of fact which the court might have made after hearing testimony on the issues tendered by the portion of the answer under consideration would not have affected the rights of the parties to the motion, or authorized any judgment different from that pronounced on the fact conclusively established by the pleadings of the respective parties. This is not a case where the defense interposed was defective, either in form or substance but one where the facts therein stated could not affect the rights of the parties, whatever the finding of the court thereon might have been had testimony been introduced and considered."

If the claim of the defendants that they are liable upon the note in controversy only as sureties is correct, we are unable to see how they can lose any substantial right as against their codefendants by the judgment of which they complain. It is conceded that so far as the plaintiff is concerned their obligation is absolute and not conditional. If as against their codefendant they are only secondarily liable upon the note, they may pay the judgment and have recourse against their codefendant.

The execution and delivery of the note for a valuable consideration being admitted in the answer of the defendants and in their reply to the answer of the defendant Scivally, the further answer of the defendants denying that they owe plaintiff any amount on said note is a mere conclusion of law and raises no issue of fact upon which evidence of any kind could be admitted.

The record further discloses that the question of whether or not the defendants Moore, Easter, Frame, and Williams were sureties was seriously disputed by the defendant Scivally in his answer and in this state of the record it can well be imagined that the trial court upon issues joined between the said defendants and Scivally might have found that the defendants were not sureties on the note but liable as principals. This was a matter peculiarly in issue between the defendants and Scivally and we do not think that the rights of the plaintiff should be postponed or delayed to await the outcome of a doubtful issue between rival claimants upon a purely collateral matter. Peters v. Lindley, 88 Okla. 32, 211 Pac. 409.

For the reasons stated, the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.