ELSIE GREER, Appellant, v. GEORGE C. OR-
CHARD et al., Respondents.

**Springfield Court of Appeals, December 11, 1913.**

1. **NEGOTIABLE INSTRUMENTS: Holder in Due Course: Good Faith and for Value.** To constitute one a holder of a negotiable instrument in due course it is necessary that such party took it in good faith and for value. [Citing Sec. 10022, R. S. 1909.]

2. ————: **Value: Meaning of.** The term value means any consideration sufficient to support a simple contract. (Citing Section 9996, R. S. 1909.)

3. ————: **Bona-Fide Purchaser for Value: Gift Not Protected.** A gift of a negotiable instrument to a third party is not such a negotiation of it in the usual course of business as to give to the donee the full protection which is extended a bona-fide holder for value.

4. **MORTGAGED PROPERTY: Transfer of: Grantee Assumes Debt.** Where mortgaged property is conveyed to one who assumes the mortgage debt, the land becomes the primary fund for the payment thereof and such grantee becomes the principal in such debt and the mortgagor and grantor his surety.

5. **MORTGAGES: Assuming Mortgage Debt: By Implication.** The stipulations in a deed did not specifically state that the grantee assumed and agreed to pay the mortgage, but mentioned the mortgage and agreed that the grantor was released therefrom. *Held*, equivalent to the assumption of the mortgage by the grantee.

6. **NEGOTIABLE INSTRUMENTS: Husband and Wife: Gift.** A wife who received as a gift a promissory note from her husband is not a bona-fide purchaser thereof under the "Negotiable Instruments Law."

Appeal from Butler County Circuit Court.—*Hon. John P. Foard*, Judge.

AFFIRMED.

*David W. Hill* for appellant.

(1) A. W. Greer had the right to give to his wife, the plaintiff, the note in suit or the money which purchased it. He gave her the money which purchased the note because he took the title to the note in her name and the undisputed oral evidence, together with the written assignment show that she owned it at the time this suit was brought and still owned it at the trial. However it is immaterial whether he gave her the money which purchased the note or gave her the note. He had the right to give her either and she had the right to sue the defendants for the balance due. They don't even claim the note has been fully paid, while they admit the execution of the note and plead no defense whatever. Secs. 8304, 8309, R. S. 1909. (2) The trial court should have, as a matter of law, declared that the plaintiff was entitled to recover and the trial court committed error when it refused plaintiff's declaration of law No. 1 and likewise committed error when it refused plaintiff's declaration of law No. 2.

*Leu R. Thomason* for respondents.

(1) The assumption of the mortgage debt by the grantee, on lands conveyed subject to a mortgage may be created by a clause inserted in the deed under which he acquires the title. No particular form of words is required. Schley v. Fryor, 100 N. Y. 71; Thompson v. Dearborn, 107 Ill. 87; Stebbins v. Halls, 29 Barb. 524; Charley v. Fox, 38 Mich. 387; 1 Jones on Mortgages (3 Ed.), sec. 748; Eggleston v. Morrison, 84 Ill. App. 625; Hefferman v. Weir, 99 Mo. App. 301. (2) A purchaser of a portion of the mortgage premises who assumes the payment of a proportionate part of the mortgaged debt is bound to pay such part in exoneration of the residue. Ayers v. Dixon, 78 N. Y. 318; Tony v. Bank, 9 Paige, 649. (3) Where mort-

gaged property is conveyed to one who assumes the mortgage debt, such grantee becomes the principal in such debt and the mortgagor and grantor his surety, and the grantor's only liability is after the remedy against the principal and the lands have been exhausted unsuccessfully. Heim v. Vogel, 62 Mo. 529; Wayman v. Jones, 52 Mo. App. 313; Nelson v. Brown, 140 Mo. 580; Reagan v. Williams, 185 Mo. 627. (4) Donations to persons sustaining fiduciary relations should be watched with great scrutiny and will be set aside on the discovery of the least fraud. Hall v. Knappenberger, 97 Mo. 509

ROBERTSON, P. J.—On January 10, 1913, the plaintiff sued the defendants, George C. Orchard, J. D. Greason, J. H. Greason, Grace E. Smith and Maggie H. Orchard, on a promissory note signed by them and one Samuel W. Smith, dated January 2, 1911, for the principal sum of $3000, payable to the order of E. W. Graves on or before two years after date, with interest at the rate of eight per cent per annum, payable annually, and providing that if the interest be not so paid to become as principal and bear the same rate of interest.

At the time of the execution of the note the defendants and said Samuel W. Smith owned a tract of land in Poplar Bluff upon which they executed a deed of trust to Byrd Duncan as trustee to secure the payment of said note. On January 19, 1912, $140 was paid on the interest due on the note. Plaintiff's husband on May 1, 1912, purchased of said Samuel W. Smith his undivided one-fifth interest in the land described in the deed of trust, which was conveyed to him by a warranty deed containing the following statement:

"This deed is made subject to a deed of trust given to E. W. Graves for three thousand dollars, the pro

ceeds of which were received by James D. Greason and George C. Orchard, who have agreed to pay said debt. It being understood by the parties to this deed that the grantor is released from any obligation to pay said debt."

On September 20, 1912, the plaintiff's husband purchased the note sued on and gave it to his wife, with the following indorsement thereon: "For value recd., I hereby transfer this note to Elsie Greer or order without recourse on me. E. W. Graves."

Some time prior to February 12, 1913, one Henry Turner purchased the remaining four-fifths interest in the land and on that date paid to the husband of plaintiff $2702.24, four-fifths of the amount due on said note, and received the following receipt:·

"Butler County Bank, Poplar Bluff, Mo.
"Feb. 12, 1913.

"Received of Henry Turner on note and deed of trust for $3000, dated Jan. 2, 1911—given to E. W. Graves by Smith heirs, on a part of Lot 78 of the original town of Poplar Bluff, Mo.

$2400.00· on principal
302.24 on interest

_____

$2702.24                         A. W. GREER."

The answer filed by the defendants on April 9, 1913, admits the execution of the note, pleads the facts as above disclosed by the testimony, but alleges payment of said note. The plaintiff's replication is a general denial. The case was tried to the court without a jury and resulted in a judgment for the defendants and the plaintiff has appealed.

In the first place it is essential to determine the status of the plaintiff in this case relative to the note in controversy and the parties thereto. She is in no better position than had the note in question been transferred to her husband, except that the bare legal title may be

vested in her. She cannot be held to be a bona-fide holder for value within the meaning of our negotiable instrument law. One of the essential elements necessary to constitute a party a holder in due course (Sec. 10022, R. S. 1909) is "(3) that he took it in good faith and for value." Section 9996, Revised Statutes 1909, defines "value" as "any consideration sufficient to support a simple contract." Also, in section 10160, Revised Statutes 1909, it is provided that "'value' means valuable consideration." In 1 Daniel on Negotiable Instruments (5 Ed.), sec. 181, it is said: "A gift of a negotiable instrument of a third party is not such a negotiation of it in the usual course of business as to give the donee the full protection which is extended a bona-fide holder for value." The reason for the rule which protects a bona-fide purchaser for value and makes it applicable to commercial paper is absent in case of a gift of such paper from one person to another where the purchaser and donor is familiar with all of the facts affecting the condition of the note.

The general rule in this State is well established that where mortgaged property is conveyed to one who assumes the mortgage debt the land becomes the primary fund for the payment thereof and such grantee becomes the principal in such debt and the mortgagor and grantor his surety. [Nelson v. Brown, 140 Mo. 580, 589, 41 S. W. 960; Regan v. Williams, 185 Mo. 620, 627, 84 S. W. 959; Pratt v. Conway, 148 Mo. 291, 49 S. W. 1028.]

The stipulation in the deed to plaintiff's husband does not state directly that he assumes and agrees to pay the debt here involved, but what he did agree to can have no other meaning. He agreed that his grantor was released therefrom and as between them such release could be effected in no other manner.

According to the testimony of experts, which was undenied by plaintiff's husband who was a witness, the reasonable value of the undivided one-fifth interest,

which he purchased in the land, was equal to if not greater than the amount he paid in cash plus the one-fifth of the debt involved here, and the party who bought the remaining four-fifths interest in the land testified that he, as part of the consideration therefor, assumed and agreed to pay four-fifths of said debt, so that it would appear that when the trial court refused to permit the plaintiff in this case to recover no injustice was done.

It is stated in the deed to plaintiff's husband that the proceeds of the loan were received by two of the grantors in the deed of trust who agreed to pay said debt, yet those two parties were not parties to the stipulation in the warranty deed and consequently no evidence is thus furnished that the debt was equitably that of any other parties than as indicated by the note and deed of trust. It was also developed as above stated at the trial, and without objection on the part of the plaintiff, that the party who purchased the undivided four-fifths interest in the land paid that proportion of the debt to the plaintiff's husband, and as the husband of plaintiff had previously assumed the remaining one-fifth of said indebtedness, we have been unable to understand why the judgment of the trial court should not stand. The plaintiff's husband, the real party in interest here, is in the position of having become obligated to pay one-fifth of the indebtedness and of having received from the owner of the remaining four-fifths interest the balance due on the note. If, as stated in the deed to plaintiff's husband, the proceeds of the note were received by James D. Greason and George C. Orchard and they had agreed to pay said debt, that is a matter between the makers of the note with which the plaintiff in this case could have no concern and about which we announce no opinion. The judgment of the trial court is affirmed. All concur.