## WINANS et al. v. HARE.

No. 4450.   Opinion Filed May 4, 1915.

Rehearing Denied June 1, 1915.

(148 Pac. 1052.)

1.  MORTGAGES—Subrogation—Assumption of Liability—Purchaser of Mortgaged Property.  Where a purchaser buys real estate which is incumbered by a mortgage and assumes the mortgage indebtedness, he thereby becomes, as to the vendor, the principal debtor, and the vendor becomes his surety; and, if the vendor pays the note, he is subrogated to all the rights of the holder of the note, one of which is the right of possession of the note and the right of action upon it, against the vendee.

2.  PLEADING—Evidence Contradicting Admissions.  A party to a lawsuit is bound by his pleadings, and it is not error for the trial court to refuse to admit evidence, which seeks to contradict admissions in the pleadings of the party offering it.

3.  APPEAL AND ERROR—Presentation Below—Necessity.  This court will not review rulings of the trial court, assigned as error, to which there were no exceptions taken in the court below.

(Syllabus by Brett, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by Alfred Hare against John F. Winans and others. Judgment for plaintiff, and defendants bring error.   Affirmed.

*Burwell, Crockett & Johnson, H. S. Hurst,* and *W. F. Harn,* for plaintiffs in error.

*Ledbetter, Stuart & Bell,* for defendant in error.

BRETT, C.   This action was originally commenced in the district court of Oklahoma county by Fred D. Field and Rozilla D.

Field against Alfred Hare, W. S. Hurst, J. F. Winans, W. F. Harn, and the Oklahoma City Land & Development Company.

The petition alleges that on January 22, 1910, Alfred Hare executed and delivered to plaintiffs certain promissory notes aggregating $21,000, that for the purpose of securing the payment of said notes, on the same day, he executed and delivered a real estate mortgage on certain real estate described in the petition, which provided, among other things, that, if default was made in the payment of either of said notes or the interest or taxes, the whole of said indebtedness secured by the mortgage should become due and the mortgage foreclosed, that defendant Hare had made default in payment, and plaintiffs had elected to declare the whole indebtedness due, and attaches a copy of a written notice of such election to the petition. It is further alleged that the other defendants claim some right and interest in and to the real estate, but that their rights, if any, are junior and inferior to the rights of the plaintiff; that the defendant J. F. Winans in a conveyance made to him by Hare had assumed and agreed to pay the debt secured by the mortgage, and prays for a judgment against defendants Hare and Winans for the amount alleged to be due, with interest, for foreclosure of the mortgage against all of the defendants, and for a deficiency judgment against Hare and Winans. Copies of all instruments pleaded are attached to the petition as exhibits.

After all parties are in court, defendant Hare files a motion stating that he had purchased the notes and mortgage sued on by plaintiffs, and asks that he be substituted as plaintiff, and that the cause thereafter proceed in the name of Alfred Hare as plaintiff. This motion was granted, and Hare was by order of the court substituted as plaintiff in the action.

Defendants Winans, Hurst, Harn, and the Oklahoma City Land & Development Company join in an answer and cross-petition which was subsequently amended, in which they allege that Hare and all the plaintiffs in error (who were defendants below), at and

prior to the time of the transactions involved in this action, were members of the Oklahoma City Land & Development Company; that a certain amount of money paid in cash on the land in controversy was paid out of a joint fund in which the defendant and plaintiffs in error were interested; that Hare and Winans successively held said land in trust for the Oklahoma City Land & Development Company, and were to convey same to the company when it was ready to be placed on the market, and numerous other allegations which we deem it unnecessary to set out, as they are not insisted upon in this appeal, and attach various exhibits to their pleading which will be referred to as they may appear material.

Alfred Hare files for his reply a general denial, and the cause is tried to the court without a jury, which resulted in a judgment in favor of Alfred Hare, defendant in error, against J. F. Winars, for $24,402, and a foreclosure of the mortgage against all of the plaintiffs in error (who were defendants below), from which judgment plaintiffs in error appeal to this court.

There are five assignments of error.

The first assignment is: The court erred in excluding competent and material evidence offered on behalf of plaintiffs in error, and each of them, to which ruling of the court plaintiffs in error at the time duly excepted. Under this assignment the plaintiffs contend:

First. That no recovery could be had by the substituted plaintiff, Hare, on the notes, for the reason that, when he (Hare, the maker of the notes) paid them, they were discharged, and no action could be founded upon them. This contention is based on subdivisions 1 and 5 of section 4169, Rev. Laws 1910, which are as follows:

"A negotiable instrument is discharged: First. By payment in due course by or on behalf of the principal debtor. * * * Fifth. When the principal debtor becomes the holder of the instrument at or after maturity in his own right."

Counsel contending under this statute that when Hare, the maker, paid the notes sued on, the obligation was discharged, and no action could be founded upon them. But this statute must be construed in the light of other statutes and the law governing negotiable instruments. Standing alone, and not taken in connection with other statutes, or the law governing negotiable instruments, the contention of counsel at first blush seems plausible. But section 4171, Rev. Laws 1910, says:

"Where the instrument is paid by a party secondarily liable thereon, it is not discharged."

It will also be noticed that section 4169 does not say that the instrument is discharged when paid in due course by the maker, but when paid in due course by "the principal debtor," and these identical words "principal debtor" are used in both the first and fifth subdivisions of that section. If the Legislature had intended that this statute should have the effect sought to be given it by counsel for plaintiffs in error, it certainly would have used the words "when paid in due course by the 'maker,'" instead of "principal debtor"; but that is not the language used. And there are many instances, just as in the present case, in which the maker of the note is not the principal debtor.

There are, perhaps, but few principles of law better settled than that when a purchaser buys real estate, which is incumbered, and assumes mortgage, he becomes as to the vendor the principal debtor, and his vendor becomes secondarily liable. There is no question but what if Winans, the party who assumed this mortgage and agreed to pay it, has paid it, the obligation would have been discharged, for the reason that when he assumed it and agreed to pay it, as between him and Hare, he became the principal debtor and could not have looked to Hare for recourse, for in paying it he would have been doing only that which he had obligated himself to do. But when Hare, who by this transaction became secondarily liable, paid it, neither the debt nor the instrument upon which it

was based were discharged, and Hare had recourse against Winans for the amount of the obligation.

*Greer v. Orchard,* 175 Mo. App. 494, 161 S. W. 875, in the syllabus holds that:

"When mortgaged property is conveyed to one who assumes the mortgaged debt, the land becomes the primary fund for the payment thereof, and such grantee becomes the principal ＊ ＊ ＊ and the mortgagor and grantor his surety."

This view we think is supported by common sense and the great weight of authority. 1 Jones on Mortgages, sec. 741; *Roberts et al. v. Fitzallen et al.,* 120 Cal. 482, 52 Pac. 818; *Daniels v. Johnson et al.,* 129 Cal. 415, 61 Pac. 1107, 79 Am. St. Rep. 123; *Citizens' State Bank v. Douglass,* 178 Mo. App. 664, 161 S. W. 601.

And, since Hare stood in the relation of surety for Winans on this obligation, he could recover on these notes paid by him for Winans. This court has repeatedly held that a surety who pays a note is subrogated to all the rights of the holder of the note, one of which is the possession of the note and the right of action upon it against the principal. *McClure v. Johnson,* 10 Okla. 663, 65 Pac. 103; *Strickler v. Gitchel,* 14 Okla. 523, 78 Pac. 94; *Cummins v. Line,* 43 Okla. 575, 143 Pac. 672.

Second. The second contention of plaintiffs in error under this assignment is:

"That the controversy in the court below was between Hare and the plaintiffs in error, and that, in purchasing the premises, Hare was acting for himself and the plaintiffs in error, and transferred the land to Winans, as trustee for the Oklahoma City Land & Development Company, of which all parties to the suit were stockholders, and all had contributed as such to the amount of cash paid on the purchase price of the land, with the understanding that it should be held in trust by Winans for the company until placed on the market, and that the plaintiffs in error, who were defendants

below, and associates of Hare, in this transaction, should not be required to pay him the full amount of the purchase price of this land, since they had contributed to the amount of the cash payment, and objected .to the court's ruling in not allowing them to show this fact, for the purpose of reducing the amount of the judgment."

This proposition in the abstract would seem to be correct, but plaintiffs in error, in their answer in the court below, pleaded a contract between them and Hare, and attach a copy of it to their answer, which we think entirely defeats this contention, and justified the ruling the court complained of.

This contract is supported by a valuable consideration and appears to be a settlement between the plaintiffs in error and the defendant in error, and, among other things, recites that:

"That this contract merges all claims heretofore existing between said parties, and is hereby accepted by the parties to said contract as a settlement in full of all demands of either party against the others on account of any matter or claim whatsoever now existing or that may hereafter arise concerning or about any and every transaction between the parties mentioned herein, or in which any of the parties herein named may be connected, except that it is hereby stipulated that said Alfred Hare is the owner of certain notes for the aggregate sum of $21,000, with interest, secured by a mortgage on that portion of the southwest quarter of section 11, township 12 north, of range 3 west of the Indian meridian, conveyed to Alfred Hare by Fred D. Field and Rozilla D. Field, and by the said Alfred Hare conveyed to said John F. Winans, said notes and mortgage being made payable to said Fields and signed by Alfred Hare, the payment being assumed by John F. Winans in said deed. It is further expressly stipulated that the status of the parties to this agreement in relation to the notes and mortgage and land concerning the same shall be and remain the same as that existing at and before the time of the execution of this contract, it being understood and agreed that no claims shall be set up against said Hare in said foreclosure, except such claims as have been or could regularly be set up against said Field and wife."

This contract is a settlement between the parties by which

Hare received certain assets of the company, and released all claims to other assets to plaintiffs in error, and the plaintiffs in error are bound by it. And its very terms would indicate that the cash payment on this land and all other matters of difference were settled, excepe the pending suit on the notes involved in this action, and as to this suit they agree that no "claims shall be set-up against said Hare in said foreclosure, except such claims as have or could regularly be set up against said Field and wife."

It is admitted by counsel for plaintiffs in error, in their brief, that the testimony as to the cash payment would not have been competent against Field and his wife, and it will be presumed that the plaintiffs in error understood the effect of their contract, and had adjusted this matter before agreeing by the terms of this contract not to raise any defense in this action against Hare that would not be competent against Field and his wife. And we think the court did not err in excluding the testimony concerning these cash payments. It sought to contradict this contract, which was a part of the pleadings of the plaintiffs in error; and a party to a lawsuit is bound by his pleadings, and it is not error to refuse to admit evidence, which seeks to contradict admissions, made in the pleadings, of the party offering the evidence.

2. The second assignment of error is:

"The findings and judgment of the trial court are each contrary to law and are not sustained by sufficient evidence."

We think there is sufficient evidence to sustain the findings and judgment of the trial court. The assumption of the mortgage indebtedness by J. F. Winans is admitted by the pleadings of the plaintiffs in error, but, notwithstanding this fact, the defendant in error proves it. We further believe that the findings and judgment of the trial court are sustained by the law.

3. Plaintiffs assign as error, the admitting of certain exhibits in evidence, but the record shows that no exceptions were taken

to the rulings of the court in admitting this evidence, and this court cannot therefore consider this assignment.

In view of what has been said, we deem it unnecessary to consider the two remaining assignments, viz., that the court erred in sustaining the demurrer to the evidence of plaintiffs in error, and in overruling their motion for a new trial.

We think the law and the evidence sustain the findings and judgment of the trial court, and recommend that the judgment be affirmed.

By the Court:   It is so ordered.