## SCOTT v. NORRIS et al.

No. 8052—Opinion Filed Jan. 23, 1917.

(162 Pac. 1085.)

**1. Mortgages—Assumption of Mortgage—Liability.**

When a purchaser buys land which is incumbered by a mortgage, and assumes the payment of such mortgage, he becomes, as to the vendor, the principal debtor, and the vendor becomes only secondarily liable.

**2. Same—Foreclosure—Action.**

In such a case, suit being brought by the mortgagee to foreclose and all the parties properly brought in, the interest of the grantee in the land becomes the primary fund for the payment of debt, and the court, upon cross-petition of the grantor, may properly decree that the interest of the grantee be first sold to satisfy plaintiff's mortgage.

**3. Same — Judgment — Rights as Between Grantor and Grantee.**

In such a case, where the plaintiff's evidence fails to establish any liability of the grantee direct to plaintiffs upon such note and mortgage, but the evidence of the cross-petitioner sustains a written assumption of the mortgage in suit by the grantee, it is proper for the court to render a personal judgment in favor of the grantor and against the grantee for the difference between the plaintiff's recovery upon the note secured by the mortgage so assumed and the amount to be brought by the grantee's interest in the land at the foreclosure sale.

**4. Vendor and Purchaser—Default in Payment—Remedies of Vendor.**

Where a party has entered into possession of land under a contract whereby the deed therefor is deposited in escrow to be delivered to him upon the full payment of the purchase price, upon default in such payment, the grantor, in the absence of fraud, mistake, or the like vitiating the contract of sale, is not required to receive back the land and sue for damages, but may recover the purchase price.

(Syllabus by Burford, C.)

Error from District Court, Kiowa County; T. A. Edwards, Judge.

Action by Alfred Norris against D. A. Scott, E. A. Wesson, and Julia Wesson upon certain promissory notes and to foreclose a mortgage, with cross-petition by defendants Wesson. Judgment for plaintiff and for cross-petitioners, and defendant Scott appeals. Modified and affirmed.

Tolbert & Tolbert, for plaintiff in error.

O. J. Logan and Harris & Nowlin, for defendants in error.

Opinion by BURFORD, C. Norris brought suit upon certain promissory notes and a mortgage securing the same executed by the Wessons. He sought to recover against Scott upon an alleged assumption by Scott of the debt evidenced by the notes and mortgage. By way of cross-petition the Wessons alleged that they had sold an undivided one-half interest in the mortgaged land to Scott, and that the consideration therefor was that Scott should pay the mortgage of the plaintiff, together with two other mortgages on the land. A written contract assuming certain mortgages was pleaded. It was further alleged that by mistake of the scrivener the contract recited the mortgage to plaintiff as one to H. H. Hoover, who was in fact the agent of plaintiff in negotiating the loan, but that it was the intention of all parties that plaintiff's loan should be assumed in said contract. They alleged that Scott had entered into possession of the premises and had received one-half the rents and profits thereof. Prayer was for judgment in their favor against Scott for any amount found to be due the plaintiff upon his mortgage, and for any other proper relief. Scott admitted the execution of the contract, but denied that he was liable thereon for the debt to plaintiff. Upon these pleadings the cause went to trial. At the close of plaintiff's evidence which showed nothing justifying applying Scott's written contract to plaintiff's debt, Scott demurred to the evidence. The record then shows that the demurrer was sustained so far as it related to any personal liability of Scott, but overruled as to the right to foreclose any interest held by him in the mortgaged premises. The final journal entry of judgment recited generally that the demurrer was sustained. This was an evident inadvertence, as in the same order the court directed the foreclosing of the mortgage and the sale of the property. However that may be we regard it is as of no importance, for the reason that in this case the various amounts due upon the notes and mortgages are not disputed, and the remaining questions being largely equitable in their nature, we consequently regard the record as open to complete review and to a rendition here of the proper judgment. The evidence clearly justifies the foreclosure of the mortgage. In so far as plaintiff's evidence is concerned, it does not contain anything justifying a holding that the recital of the contract between Scott and the Wessons was applicable to or an assumption of plaintiff's mortgage. The view we take disposes of all assignments of error by Scott in relation to the sufficiency of the petition or the

admission or rejection of testimony thereunder, so far as related to Scott's personal liability to plaintiff, as such liability, by reason of failure of plaintiff's proof, is here denied.

The cause then proceeded upon the cross-petition of the Wessons. Their evidence was clearly sufficient to establish a mistake in the contract, and to justify the court in regarding it as reformed so as to recite an assumption of the mortgage debt by Scott. At the close of the evidence on behalf of the cross-petitioners, Scott demurred thereto, and, this being overruled, he elected to stand thereon and offered no evidence. The court then pronounced judgment in favor of the plaintiff, Norris, against the Wessons and against Scott for the amount of the note, attorney's fees, interest, and costs, and for the foreclosure of his mortgage, in favor of the Wessons and against Scott, for a like sum, that the interest of Scott in the land be first sold, and, if found insufficient to pay plaintiff's judgment, that the interest of the Wessons be foreclosed, and that the defendants Wessons be awarded execution against defendant Scott for "any sum they may be compelled to pay upon the judgment herein rendered, or for any sums realized out of the proceeds of the sale of their interest in said real estate upon said judgment." Thereafter, in due course, Scott brought the cause here for review.

We have already disposed of the assignments of error in relation to the sufficiency of the pleadings and evidence on behalf of plaintiff to fix a personal liability on Scott, since obviously it is immaterial to him what the plaintiff's pleadings or evidence in that regard were, if his personal liability to plaintiff is finally denied, as we have held. Upon the question of his liability to Wesson we have already indicated that the form of the pleading of cross-petitioners and the evidence on their behalf supporting it were sufficient to authorize the court to regard the contract between Scott and the Wessons as reformed so as to impose an assumption of plaintiff's mortgage upon Scott. This contract, though between the Wessons and D. A. Scott, provided that a deed to the land running to one F. E. Scott should be deposited in bank to be delivered when D. A. Scott had performed the contract upon his part by paying the mortgages agreed upon. It is objected that the cross-petition did not allege the execution and delivery of the deed, and was therefore insufficient. The sufficiency of the cross-petition was not challenged by demurrer or otherwise. Evidence was introduced without objection that the deed was in the

possession of the bank. Defendant, at the close of the evidence, demurred thereto, which was overruled, and properly so, since the unchallenged evidence was then sufficient, and the petition might be regarded as amended to conform to the proof. Homeland Realty Co. v. Robison, 39 Okla. 591, 136 Pac. 585.

It is next insisted that the judgment allowing a personal recovery against Scott and decreeing the sale of his portion of the land in advance of that of the Wessons was error. With this contention we cannot agree. Scott, under the contract, reformed to express what was clearly the real intent of the parties, was bound to pay plaintiff's mortgage by reason of his specific written assumption thereof. He refused to carry out his obligation. What remedy was then available to the Wessons? In Winans v. Hare, 46 Okla. 741, 148 Pac. 1052, this court said:

"There are, perhaps, but few principles of law, better settled than that, when a purchaser buys real estate, which is incumbered, and assumes the mortgage, he becomes as to the vendor the principal debtor, and his vendor becomes secondarily liable."

This court then quoted with approval the language of Greer v. Orchard, 175 Mo. App. 494, 161 S. W. 875, as follows:

"Where mortgaged property is conveyed to one who assumes the mortgage debt, the land becomes the primary fund for the payment thereof, and such grantee becomes the principal, * * * and the mortgagor and the grantor his surety."

Here but an interest in the land was conveyed hence as between the Wessons and Scott. Scott's interest in the land became the primary fund for the payment of the debt, the Wessons became only secondarily liable, while Scott became the principal debtor. As to the plaintiff his rights to a personal judgment against the Wessons and his right to enforce his security against all the land remained unimpaired, but it was not beyond the power of equity (all parties in court) to compel plaintiff to recognize the equities existent between the defendants, and, without taking from him any of his ultimate rights, to compel him to exercise such rights so as to accord justice between the repective defendants. Jones on Mortgages (7th Ed.) secs. 743A and 1625, and cases cited. Nor is it a fatal objection that F. E. Scott, the grantee named in the deed, is not a party. No question of defect of parties was raised as to the pleadings. If plaintiff omitted to make defendant a party whose rights must be adjudicated (and we do not decide this point) before a full and complete title could be conveyed at the mortgage sale, that is no fatal objection to a judgment foreclosing the rights of those who were made parties. D. A. Scott was the contracting party. He was to furnish the purchase price. Obviously F. E. Scott could only hold the legal title as a trustee of same nature for D. A. Scott. D. A. Scott did have a right in the premises which might be foreclosed and barred. F. E. Scott has never received the legal title, as apparently the deed is still in escrow, but the Wessons have done all they could do under the contract. They have complied with its terms by depositing the deed as required. D. A. Scott alone has not performed. Under such circumstances we find no difficulty in affirming a proper personal judgment in favor of the Wessons and against Scott. In Jones on Mortgages (7th Ed.) secs. 768, 769, it is said:

"The grantor may maintain his action against the grantee on the latter's covenant without first foreclosing the mortgage. He may immediately upon the maturity of the mortgage, the grantee having failed to pay the same, recover from the grantee the amount due thereon, although the grantor may have paid no part of it. He cannot compel the mortgagee to foreclose his mortgage so as to subject the land to the payment of the debt, and the purchaser to a judgment for the deficiency, but he may himself proceed in equity to compel the purchaser to pay off the mortgage according to his undertaking. Under Codes of Practice allowing an equitable suit in such case, the grantor may maintain a bill to have the mortgage satisfied out of the land. * * *

"A contract to pay a mortgage may be enforced before the promisee has paid it. A provision whereby a grantor 'assumes and agrees to pay' a mortgage is a contract not merely to indemnify the grantor, but to pay the debt, provided it be the debt of the grantor. It is not necessary, therefore, as it is in case of an agreement purely to indemnify the grantor against any loss or damage by reason of the mortgage, that the grantor should show that he has been in some measure damnified before he can recover on such promise. * * * 'It is a portion of the consideration money due the plaintiff which he was to receive by payment of a debt for which he was liable which he thus recovers, when the defendant fails to perform his promise. That plaintiff should be kept subject to a debt from which defendant agreed to relieve him is a continuing injury, for which a sum of money which will enable him to discharge it is an appropriate remedy in damages.' "

See cases cited in support: Hatcher v. Kinkaid, 48 Okla. 163, 150 Pac. 182; Locke v. Homer, 131 Mass, 93, 41 Am. Rep. 199; Jones on Mortgages, sec. 749.

It seems clear upon reason and authority that the grantor in such a case, upon failure of the grantee to perform his obligation, has two remedies: First, to recover against the grantee the amount due upon the mortgage, whether he has himself paid it or not, and if it be said that the grantor might not apply the amount so recovered upon the mortgage debt covering grantee's land, the answer is that grantee may relieve himself from this danger by doing that which he agreed to do and by paying to the mortgagee the amount of the debt; or, second, he may maintain his bill in equity, by cross-petition in a suit by the mortgagee to foreclose, seeking to compel the primary subjugation of the grantee's land to the payment of the debt, and further recovery against the grantee for any amount that the proceeds of such land lacks in paying the mortgage debt. Jones on Mortgages, sec. 768, and cases cited. The personal recovery in such a case, however, can only be had in the event a personal liability of the grantee in favor of the mortgagee is not decreed, since it is obvious that the grantee should not be subjected to a liability to both grantor and mortgagee for the same amount; in other words, he should not be compelled to pay twice.

It is finally insisted that this was an executory contract of sale, and that the measure of damages for the breach thereof would be the difference between the agreed purchase price and the value of the land. Because the court ordered the interest of the Wessons to be sold, it is contended that he recognized that they retained the title. In this contention counsel seems to lose sight of the fact that but a one-half interest in the land was sold to Scott, and that the one-half interest remaining in the Wessons was properly subject to sale to pay plaintiff's debt. We do not regard the contract as wholly executory, since, as has been pointed out, the Wessons had fully performed and Scott had entered into possession. We know of no rule of law that will permit a vendee after he has received and held the land to force back such land upon the grantor, and thereby relieve himself of payment of the purchase price.

Upon the whole we think the trial court was in error in rendering personal judgment in favor of the plaintiff and against Scott: First, because plaintiff's proof failed, and not because he might not have recovered had his proof been sufficient; and, second, because of rendering separate judgments in favor of plaintiffs and the Wessons against Scott he subjected Scott to a double liability

for the same debt. He was further in error in subjecting Scott's interest to sale and then rendering judgment for the Wessons for the full amount of the debt. It is true that the trial court limited the amount for which the Wessons might have execution, but it was at least inadvertent in this particular case to render such a judgment for a greater amount than that for which execution was allowed to issue. So, too, the limitation as to the execution was wrong. The recovery of the Wessons is not limited either to the amount they might pay upon the mortgage or to the amount for which their land might sell. They were entitled to recover the agreed purchase price, less any amount paid thereon, through sale of Scott's interest in the land conveyed in consideration of such purchase price.

It should therefore be ordered that the judgment of the trial court be modified so that the plaintiff, Alfred Norris, have and recover of Julia Wesson and E. A. Wesson the sum of $892.69, with 10 per cent. interest thereon from September 5, 1914, and $85 attorney's fees and costs; that plaintiff, Alfred Norris, has a mortgage lien upon the land in said judgment described, subject to a mortgage in favor of William Jacquart for the sum of $1,000, and accrued and accruing interest thereon; that the interest of defendants is subsequent and inferior to the mortgage lien of plaintiff, and that plaintiff is entitled to a foreclosure thereon; that said real estate be sold in the order and manner and the equities of redemption therein barred, and the proceeds of said sale or sales applied as provided in said original judgment; and that defendants E. A. Wesson and Julia Wesson have judgment against D. A. Scott for the difference between the total amount of plaintiff's recovery in this action and the amount brought by the interest of the defendant Scott in such land at the foreclosure sale.

As so modified, the judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.