## PETERS v. LINDLEY.

No. 10955—Opinion Filed Dec. 12, 1922.

(Syllabus.)

1. **Bills and Notes — Actions — Parties — Statute.**

Section 4694, Revised Laws of 1910, provides: "Persons severally liable on the same obligation or instrument, including the parties to bills of exchange and promissory notes and indorsers and guarantors, may all or any of them be included in the same action at the option of the plaintiff."

2. **Same—Real Estate Mortgage Note—Assumption of Debt by Purchaser of Land—Action Against Maker Alone.**

Where suit is brought against the maker of a promissory note, and the defendant files his pleading, alleging that the note was secured by a real estate mortgage, and that the mortgaged property has been sold, and the purchaser thereof assumed payment of the note, held, that the plaintiff could proceed against the maker of the note without making the purchaser of the mortgaged property a party to the suit, and defendant could not complain of failure of court to require plaintiff to make purchaser party to the suit.

3. **Same—Rights of Action of Payee.**

Where the maker of a note and mortgage sells the mortgaged property to another, the latter assuming the payment of the note secured by the mortgage, the mortgagee is entitled to proceed, upon nonpayment, against the maker of the note by action at law; or he may proceed to foreclose the mortgage, and his rights cannot be affected by the sale of the property to a third person, who assumes the mortgage debt, of which he had no knowledge and to which he does not consent.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Action by Thomas Lindley against E. Peters on promissory notes. Judgment for plaintiff, and defendant brings error. Affirmed.

M. A. Holcomb, for plaintiff in error.

W. E. Foster, for defendant in error.

COCHRAN, J. This was an action commenced by the defendant in error in the superior court of Okmulgee county against plaintiff in error on a promissory note executed by plaintiff in error to defendant in error. As a matter of convenience, the parties will hereinafter be referred to as they were designated in the trial court.

The defendant filed a motion alleging that the note upon which suit was brought was secured by a mortgage on certain real estate, which mortgage was executed by defendant as mortgagor to the plaintiff as mortgagee; that the defndant had sold the mortgaged property to one H. C. Carpenter, who as part of the consideration for said transfer assumed the payment of the note secured by such mortgage, and asked that plaintiff be required to amend his petition and make H. C. Carpenter a party defendant.

This motion was overruled. Thereafter defendant filed an answer and cross-petition in which he alleged the execution and delivery of the note sued on, making practically the

same allegations as contained in the motion which he had theretofore filed. He alleged that H. C. Carpenter, by reason of the facts set forth, was a necessary party to the suit.

On February 24, 1919, the court ordered that H. C. Carpenter be made a party and ordered the clerk to issue summons. The summons was issued on March 6, 1919, and served on March 12, 1919. On March 13, 1919, plaintiff filed his motion for judgment on the pleadings. On March 18, 1919, the plaintiff filed a motion to vacate order of February 24th, making H. C. Carpenter a party defendant. On the same date, the court entered an order vacating the order of February 24th, and continued the motion for judgment on the pleadings until April 2, 1919. In the same order it was provided that the defendant might file his cross-petition against H. C. Carpenter, and that H. C. Carpenter might be served with summons at the instance and upon the motion of the defendant, and be required to appear in the case and plead, answer, and demur to the cross-petition of the defendant. No exceptions were taken to any portion of the order of March 24th.

On April 8th hearing was had on motion for judgment on the pleadings, and judgment was rendered for the plaintiff against the defendant. The defendant excepted to the rendition of judgment against him, and has brought the case to this court, alleging as error the action of the trial court in refusing to require the plaintiff to make H. C. Carpenter a party defendant, and the action of the trial court in rendering judgment on the pleadings, because the plaintiff should have been required to proceed against the mortgage security and exhaust the same before the property of the mortgagor could be subjected to the payment of the obligation.

Section 4694, Revised Laws 1910, provides:

"Persons severally liable on the same obligation or instrument, including the parties to bills of exchange and promissory notes and indorsers and guarantors, may all or any of them be included in the same action at the option of the plaintiff."

In the case of Horne v. Oklahoma State Bank of Atoka, 42 Okla. 37, 139 Pac. 992, it was contended that the court erred in denying a motion to make other indorsers on a note parties to an action against one of the indorsers. The court held that the plaintiff had the right to maintain his action without joining the other indorsers.

The contention of the defendant in this case has less merit, because the trial court granted the defendant the right to have H. C. Carpenter brought into the case upon summons issued at the request of the defendant; but the defendant refused to avail himself of this opportunity. We hold that there was no error committed by the trial court in rendering judgment against the defendant without requiring the plaintiff to bring in H. C. Carpenter or without waiting longer for defendant to have him brought in, as no showing was made by the defendant at the time of the trial that he ever expected to take any steps to have a summons issued and Carpenter brought in.

As to the contention that, the mortgagor having sold the property which secured the payment of the promissory note executed to the plaintiff, the purchaser of the property thereafter became the principal and the mortgagor the surety, and that the plaintiff should proceed to exhaust the property of the mortgagor before subjecting the property of the defendant to the payment of the obligation, we hold that it is well settled that where a purchaser buys land which is incumbered by a mortgage and assumes the payment of such mortgage, he becomes as to the vendor the principal debtor, and the vendor becomes only secondarily liable (Wynans v. Hare, 46 Okla. 741, 148 Pac. 1052; Scott v. Norris, 62 Okla. 292, 162 Pac. 1085), and this also creates a principal obligation which the mortgagee may enforce against him; but it is also well settled that there can be no change in the relationship between the mortgagor and the mortgagee, without the knowledge and consent of the mortgagee, which can affect the rights of the mortgagee. He need not look at all to the vendee unless he so elects; he need surrender no rights against the vendor unless he so elects; and the mortgagee is entitled to proceed upon nonpayment against the maker of the note by action at law, or he might proceed directly against the mortgaged property, and his right cannot be affected by sale of the property to a third person who assumes the mortgage debt of which he had no knowledge and to which he does not consent. Merriam v. Miles (Neb.) 74 N. W. 861; Hazel v. Bandy (Ill.) 50 N. E. 671; James et al. v. Day, 37 Iowa, 164.

The judgment of the lower court is affirmed.

KANE, JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.