## PARLETTE v. EQUITABLE FARM MORTGAGE CO.

No. 21035. Sept. 19, 1933.

Rehearing Denied Oct. 3, 1933.

Spiers & Bodovitz, for plaintiff in error.

T. T. Varner, for defendant in error.

OSBORN, J. This action originated in the district court of Le Flore county, Okla., as an action for foreclosure of a real estate mortgage by the Equitable Farm Mortgage Company against several defendants, among whom were E. J. Conway and Mary T. Parlette, the latter being the plaintiff in error in this case. The only issue involved in this appeal is the action of the trial court in granting a personal judgment against Mary T. Parlette. The parties will be referred to as they appeared in the trial court.

Defendant contends that since she did not sign nor assume payment of the mortgage involved, the court erred in granting a personal judgment against her; while the plaintiff contends that defendant, as purchaser of the land involved, deducted from the consideration the amount of said mortgage and thereby became personally liable for the payment thereof.

The record shows that on August 11, 1920, a contract for the exchange of real estate was made between S. Parlette, husband of defendant Mary T. Parlette, and the defendant E. J. Conway; said contract recited that said Parlette was the owner of certain residence property in Oklahoma City, which was valued at $5,500, and which was subject to a mortgage to the Oklahoma City Building & Loan Association for $2,600; that Conway was the owner of certain lands located in Le Flore county, Okla., which were valued at $6,400; that said land was subject to a mortgage with other lands which Conway contracted to have released. It was agreed that Conway was to procure another loan secured by a mortgage on said land in as large an amount as possible. Said contract provided, in part:

"* * * If, after inspection by representatives of the first party, it is ascertained that the foregoing representations are true, the parties hereto agree to trade their respective property as above described, subject to the mortgages above described existing upon first party's land and to be placed upon second party's land at the foregoing valuation, there to be deducted from the principal value the amount of the indebtedness remaining due and unpaid to the date of the trade; it being contemplated that the difference will be in favor of second party, first party is to execute and deliver to second party a mortgage upon the land to be deeded to him for the difference to be represented by notes secured by such mortgages as follows:

"If the difference is one thousand ($1,000) dollars or less, same is to be represented by one note payable March 1, 1921, but if such difference is more than one thousand ($1,000) dollars, same is to be represented by two notes, each for half of such difference, one due and payable March 1, 1921, and the other due and payable March 1, 1932. * * *"

In accordance with the terms of said contract, Conway procured a loan of $2,000 on said property and executed a mortgage to the plaintiff company to secure the same and executed a deed to defendant Mary T. Parlette to said lands which provided, in part, as follows:

"To have and to hold said described premises unto the said party of the second part, her heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature, except a mortgage held by the Equitable Farm Mortgage Company of Oklahoma City for $2,000 at 6 per cent. due 1930 and two notes for $300 each, one due in 1922 and one due in 1923 to cover

interest commission. A mortgage to E. J. Conway, for $1,421.39 payable in two notes, one due March 1, 1921, and the other due March 1, 1922, each bearing 7 per cent. interest from date."

A deed was also executed to the Oklahoma City property to Conway subject to the mortgage of the Oklahoma City Building & Loan Association. After the date of the execution of the contract and prior to the consummation of the transaction, two payments of $50 were made on the building and loan mortgage, which increased the equity in said property to the amount of $3,000. S. Parlette and Mary T. Parlette executed two notes and a second mortgage on the farm property in the sum of $1,421.-39, which approximately balanced the equities transferred in accordance with the valuations of the property as fixed by the original contract.

It is well settled in this jurisdiction that the mere purchase of an equity of redemption in mortgaged land does not make the purchaser personally liable for the payment of the mortgaged debt. It is equally well settled that there are certain well-defined exceptions to said rule. In the case of Sanderson v. Turner, 73 Okla. 105, 174 P. 763, it is said:

"Where land is sold subject to mortgage and the amount secured by the mortgage is deducted from the consideration, there is an implied liability on the part of the purchaser, in the absence of an express agreement, to assume the payment of the indebtedness secured by the mortgage."

In the case of Bailey v. State, 72 Okla. 203, 179 P. 615, it is said:

"No personal obligation rests upon the purchaser of mortgaged land to pay the mortgage debt, unless by agreement he assumes its payment, or by retaining the amount out of the purchase price, or otherwise, he clearly makes the debt his own."

See, also, Van Eman v. Mosing, 36 Okla. 555, 129 P. 2; Johnson v. Davis, 146 Okla. 170, 293 P. 197; First State Bank of Vian v. Armstrong. 150 Okla. 60, 300 P. 763.

The burden of the defendant's contention is that all of the negotiations and agreements between the parties prior to the execution of the deed were merged in the deed, and that no evidence is admissible in regard to said transactions or negotiations as tending to change, alter, or modify the terms of a written instrument. In this connection the original contract provided for the procuring, by Conway, of the loan se-

cured by the real estate mortgage herein involved. The defendant Conway testified that there was a mutual assumption of the loans involved on the separate properties. In the testimony of S. Parlette appears the following:

"Q. Mr. Conway testified this morning there was an assumption on either side, with reference to his testimony on this contract. A. I paid him $1,400 and took the farm subject to whatever mortgage he could get on it, otherwise I would have signed the original mortgage paper myself. Q. You had Mr. Conway execute the papers? A. So I wouldn't have the liability."

It is clear that all of said testimony goes to the question of whether or not the amount of mortgage indebtedness against the land was to be considered as a part of the purchase price, and in line with the above authorities said testimony was pertinent and admissible.

It is apparent that the mortgage involved was executed after the execution of the contract of sale, when the equitable title was lodged in the defendant Mary T. Parlette, and the said mortgage was executed not only with her knowledge and acquiescence, but at her instigation and request through her duly qualified agents. The evidence is ample to sustain the conclusion of the trial court that the mortgage indebtedness was a part of the consideration of the purchase of the land involved.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS and WELCH, JJ., absent.