McCoy v. Spears.

*95 P. 2d 865.*

No. 28806.   Nov. 7, 1939.

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

L. A. Winans, of Duncan, and Stephen A. George and John Clark Caldwell, both of Ardmore, for defendant in error.

OSBORN, J. In this action a lien holder sought to recover directly from the purchaser of encumbered lands a portion of the debt which remained unpaid after the lien had been foreclosed. The parties appear here in the same order as they did before the trial court and will be referred to as they appeared there.

The record shows that on May 11, 1929, the plaintiff sold to D. W. Ratliff and W. L. Dixon 960 acres of land in Deaf Smith county, Tex., and took eight vendor's lien notes which represented the balance of the unpaid purchase price due upon said land; that on December 23, 1929, the defendant, for a considera-

tion of $12,900, purchased from D. W. Ratliff the interest which he had acquired in said lands; that defendant paid $1,430 of said consideration in cash and assumed liability for one-half of the amount represented by the vendor's lien notes and all of two mortgages held against the land by the Federal Land Bank of Houston, Tex.; that plaintiff sold the notes to E. J. Moore; that two of the notes were paid, and that when default was made in payment of a subsequent note all of the notes were declared to be due and payable under the provisions of an accelerating clause therein contained; that thereupon proceedings were had in the courts of Texas and the lien against said land foreclosed and the property sold; that after the proceeds of the sale were applied there remained unpaid on the notes $8,898.03. The claim for the unpaid balance was thereafter made against the estate of D. W. Ratliff, who had died intestate in Stephens county, Okla., July 14, 1932, and that the claim was made against the administratrix of the estate, and the county judge having jurisdiction thereof disallowed the same and no further proceedings were had thereon; that thereafter on May 1, 1934, upon demand of E. J. Moore, plaintiff repurchased said notes paying therefor the full amount due thereon, and thereupon commenced this action against the defendant to compel him to pay one-half of said amount.

The cause was tried to the court, judgment was entered in favor of defendant, and plaintiff has appealed. The single proposition presented here is one of law. It is contended by plaintiff that, since defendant deducted a portion of the debt represented by the vendor's lien notes from the purchase price of the land when he bought it from D. W. Ratliff, he thereby became personally liable to the holder of the notes.

The rule is well settled in this jurisdiction that where one purchases encumbered land and as a part of such transaction assumes and agrees to pay an existing indebtedness on the land, he becomes, as to a vendor, primarily liable for the debt (see Winans v. Hare, 46 Okla. 741, 148 P. 1052; Scott v. Norris, 62 Okla. 292, 162 P. 1085); and where such land is purchased subject to the encumbrance and the mortgage debt is deducted from the purchase price, the purchaser becomes liable on the implied promise to pay said debt. Parlette v. Equitable Farm Mort. Co., 165 Okla. 155, 25 P. 2d 300, and cases therein cited.

There are facts involved in the instant case, however, which distinguish this case from the authorities hereinabove cited and relied upon. It is noted that prior to the institution of this action, D. W. Ratliff, the grantor and the mortgagor, died, and that a claim was made against the estate and filed with the administratrix and disallowed, and no further proceedings had thereon. The question presented here is whether or not plaintiff may proceed directly against the grantee, there being no present existing liability against the grantor.

In the case of Beardsley v. Stephens, 134 Okla. 243, 273 P. 240, it was said:

"The states which hold that the grantee in a deed, who takes subject to a mortgage and assumes and agrees to pay the same, is not liable unless his immediate grantor was also liable, are as follows: New York, Kansas, California, Michigan, Minnesota, New Jersey, South Dakota, North Carolina, and Oregon; and those who hold to the opposite doctrine are North Dakota, Iowa, Nebraska, Illinois, Washington, Colorado, Tennessee, Missouri, Utah, Wisconsin, Pennsylvania, and Ohio. * * *

"We have examined the authorities and are unable to harmonize them. We believe, however, that the better reasoning is to hold that the grantee is not liable.

"The assumption clause in a deed is inserted primarily for the protection of the grantor, and where the debt is a personal obligation of the grantor, it is necessary, for his protection, that the assumption clause be inserted, and not for the benefit of the mortgagee. Where the grantor is liable, and makes a deed in which the grantee assumes and agrees to pay the mortgage, the mortgagee in an action to foreclose may recover a defi-

ciency judgment directly against the grantee. But this right comes from a rule in equity, that the mortgagee is entitled to the benefit of all the collateral securities which his debtor has taken for the mortgage debt."

In the case of Page v. Hinchee, 174 Okla. 537, 51 P. 2d 487, it was said:

"It is well settled that where a purchaser buys land which is encumbered by a mortgage and assumes payment of such mortgage, the mortgagee has the right to enforce the assumption agreement against the purchaser, who becomes, as to the vendor, the principal debtor (Winans v. Hare, 46 Okla. 741, 148 P. 1052; Scott v. Norris, 62 Okla. 292, 162 P. 1085); but the nature and extent of the right has been fruitful of much litigation resulting in a diversity of opinion among the courts throughout the country. One line of decisions holds that there is a direct liability on the part of the grantee to the mortgagee, which may be enforced by the mortgagee in an action at law. The other line holds that there is no direct liability, but that the assumption clause is inserted for the protection of the grantor and not for the benefit of the mortgagee, the grantee becoming the principal and the grantor his surety as between themselves and that the right of the mortgagee against the grantee is an equitable right to reach and subject to the payment of the mortgage the additional or collateral security taken from the grantee by the grantor for the grantor's own protection, and must be asserted by a suit in equity. Federal courts uniformly adhere to the latter doctrine (citing cases)."

In the case of Morris v. Mix, 4 Kan. App. 654, 46 P. 58, it was said:

"* * * Unless the grantor is personally liable for the debt, the promise of the grantee, the purchaser, is held to be a mere nudum pactum, and, of course, without efficacy in favor of either the grantor or mortgagee. The mortgagee cannot look to the grantee personally at all, because the assumption is but an indemnity, and, the grantor not being liable, the indemnity is practically a nullity. * * *"

The above cited case was approved and followed in the case of Colorado Savings Bank v. Bales (Kan.) 165 P. 843. See annotations 12 A. L. R. 1528; 22 L. R. A. (N. S.) 492.

In the instant case we are dealing with an indemnity contract, which, under our decisions, was entered into solely for the benefit of the grantor, which is now nudum pactum due to the abandonment of claims against the estate of the deceased indemnitee (grantor). There is no theory, under our decisions, whereby this action may be prosecuted, since we are committed to the view that the assumption of the mortgage was for the benefit of the grantor and not the mortgagee. This view is not in conflict with any of the former decisions of this court relied upon by plaintiff, since in each of those cases there was a present enforceable liability against the grantor.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., absent.